**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Taylor Ledsworth**, | No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **Home Depot U.S.A., Inc.**, a Delaware Corporation, | |
| Defendant. | |

Plaintiff, Taylor Ledsworth ("Plaintiff"), sues the Defendant, Home Depot U.S.A., LLC ( "Defendant" or "Home Depot") and alleges as follows:

**PRELIMINARY STATEMENT**

1.     This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S."); and the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 8.

2.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a

minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

3.     The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4.     The AWA, A.R.S § 23-350, et seq., establishes the law regarding the payment of wages within the State of Arizona.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7.     At all material times, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendant.

-2-

8.      At all material times, Defendant Home Depot U.S.A., Inc. was a corporation duly licensed to transact business in the State of Arizona.  At all material times, Defendant Home Depot U.S.A., Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9.      Defendant Home Depot U.S.A., Inc. is a Delaware corporation, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

10.     Under the FLSA, Home Depot U.S.A., Inc. is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Home Depot U.S.A., Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant.  As a person who acted in the interest of Defendant in relation to the company's employees, Home Depot U.S.A., Inc. is subject to liability under the FLSA.

11.     At all relevant times, Plaintiff was an "employee" of Home Depot as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

12.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Home Depot.

13.     At all relevant times, Home Depot was and continues to be an "employer" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

14.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Home Depot.

15.     At all relevant times, Plaintiff was an "employee" of Home Depot as defined by the Arizona A.R.S. § 23-350, et seq.

16.     At all relevant times, Home Depot was and continues to be an "employer" as defined by A.R.S. § 23-350.

17.     At all relevant times, Plaintiff was an "employee" of Home Depot as defined by A.R.S. § 23-362.

18.     At all relevant times, Home Depot was and continues to be an "employer" as defined by A.R.S. § 23-362.

19.     Home Depot individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

20.     Plaintiff, in his work for Home Depot, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

21.     At all relevant times, Plaintiff, in his work for Home Depot, was engaged in commerce or the production of goods for commerce.

22.     At all relevant times, Plaintiff, in his work for Home Depot, was engaged in interstate commerce.

23.     Plaintiff, in his work for Home Depot, regularly handled goods produced or transported in interstate commerce.

## NATURE OF THE CLAIM

24.     Defendant owns and/or operates as The Home Depot, an enterprise located in Maricopa County, Arizona.

25.     Plaintiff was hired as a lumber associate in or around January 2020 and worked for Defendant for approximately three months.

26.     Defendant, in its sole discretion, agreed to pay Plaintiff approximately $12 per hour for all hours he worked.

27.     As a lumber associate, Plaintiff's primary job duties included, but were not limited to, customer service and stocking and transporting lumber.

28.     During the time that Plaintiff worked for Defendant, Plaintiff worked approximately 35 to 40 hours per week.

29.     Defendant did not pay Plaintiff his paycheck for his final two weeks of work for Defendant.

30.     As a result, Defendant failed to compensate Plaintiff any wage whatsoever for Plaintiff's final two weeks of work.

31.     As a result of Defendant's having willfully and improperly failed to compensate Plaintiff any wage whatsoever for Plaintiff's final two weeks of work, Defendant failed to pay the applicable minimum wage to Plaintiff.

32.     As a result of Defendant's having willfully and improperly failed to compensate Plaintiff any wage whatsoever for Plaintiff's final two weeks of work, Defendant violated 29 U.S.C. § 206(a).

33.     As a result of Defendant's having willfully and improperly failed to compensate Plaintiff any wage whatsoever for Plaintiff's final two weeks of work, Defendant has violated the AMWA, A.R.S. § 23-363.

34.     Defendant has and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

35.     Defendant has and continues to violate the AMWA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

36.     Defendant has and continues to violate the AWA by not paying Plaintiff wages owed for all hours worked during his regular workweeks.

37.     Plaintiff is a covered employee within the meaning of the FLSA.

38.     Plaintiff is a covered employee within the meaning of the AMWA.

39.     Plaintiff is a covered employee within the meaning of the AWA.

40.     Plaintiff was a non-exempt employee.

41.     Defendant refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

42.     Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

43.     Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

44.     Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

45.     Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

46.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

47.     Defendant willfully and improperly failed to compensate Plaintiff any wage whatsoever for Plaintiff's final two weeks of employment.

48.     As a result, Defendant failed to pay the applicable minimum wage to Plaintiff.

49.     Defendant's practice of willfully and improperly failing to compensate Plaintiff any wage whatsoever for Plaintiff's final two weeks of work violated the FLSA, 29 U.S.C. § 206(a).

50.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Taylor Ledsworth, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendant:

A.     For the Court to declare and find that the Defendant committed one of more of the following acts:

    i.     Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

    ii.     Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

51.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

52.     Defendant willfully and improperly failed to compensate Plaintiff any wage whatsoever for Plaintiff's final two weeks of employment.

53.     As a result, Defendant failed to pay the applicable minimum wage to Plaintiff.

54.     Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the AMWA, A.R.S. § 23-363.

55.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Taylor Ledsworth, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendant:

A.     For the Court to declare and find that the Defendant committed one of more of the following acts:

    i.     Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

    ii.     Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

E.      For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.      Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA WAGE ACT
## FAILURE TO PAY WAGES OWED

56.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57.     Defendant willfully failed or refused to pay Plaintiff wages for the hours that Plaintiff worked for them during the final two workweeks of his employment.

58.     Defendant's practice of willfully failing to pay Plaintiff wages for labor performed violates the AWA, A.R.S. § 23-351.

59.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Taylor Ledsworth, individually, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendant:

A.      For the Court to declare and find that the Defendant violated A.R.S. Title 23, Chapter 2, by failing to pay wages owed to Plaintiff;

B.      For the Court to award compensatory damages, including treble the amount of wages owed to Plaintiffs, pursuant to A.R.S. § 23-355, to be determined at trial;

C.      For the Court to award prejudgment and post-judgment interest;

D.      For the Court to award Plaintiff reasonable attorneys' fees and costs;

E.      Such other relief as this Court shall deem just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 29th Day of May, 2020.

BENDAU & BENDAU PLLC

By: /s/ *Christopher J. Bendau*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*